UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

In the Matter of the Search Regarding    No. ___4:20-mj-75___

20-095-04                 AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT "REDACTED"

---

STATE OF SOUTH DAKOTA)
                      :SS
COUNTY OF CHARLES MIX )

I, Robert L. Mertz, being duly sworn on oath, depose and state:

1.     I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since 2002. As part of my duties, I have investigated numerous violations of federal law, including violations on the Yankton Sioux Indian Reservation. Currently, I am assigned to the Sioux Falls Resident Agency of the FBI, where I have been assigned since August 2011. The information contained in this affidavit is based on my knowledge and on the reporting and knowledge of other law enforcement officers involved in this investigation.

2.     This Affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the person or body of John Thin Elk, to include saliva, cheek skin samples, and DNA.

3.     Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not included every detail of every aspect of the investigation.   Rather, I have set forth only those facts that I believe are necessary to establish probable cause.   The information contained in this Affidavit is based upon my investigation, including my personal observations and knowledge obtained through interviews and other investigative means, along with conversations with other law enforcement officers and other witnesses, coupled with my review of various documents and records.

4.     By way of summary, my investigation has revealed that on February 8, 2020, Yankton Sioux Tribal (YST) Police Officer, Alex Chasing-Sainz, was on patrol in rural Marty, SD.   Officer Chasing-Sainz came upon a black colored, Chrysler 300C, New Hampshire license plate ██████ with the lights off.   Officer Chasing-Sainz approached the vehicle and observed John Thin Elk passed out behind the wheel with Nancy Antelope passed out in the passenger seat.   Officer Chasing-Sainz also observed a .357 Magnum revolver on the dashboard of the vehicle.

5.     After another officer arrived on scene, Officer Chasing-Sainz and the other officer re-approached the vehicle and were able to wake up Antelope.   After Antelope opened the vehicle door, Officers secured the firearm and removed Antelope from the vehicle.   Afterward, the officers were able to wake up Thin Elk and detained him as well.

[2]

6.     During a subsequent search of the vehicle, YST officers located approximately 68.42 grams of a substance that field tested positive for methamphetamine; over $600 in U.S. Currency, and three firearms.   Both individuals were placed under arrest and transported to the Bureau of Indian Affairs (BIA) Jail in Wagner, South Dakota.

7.     On February 10, 2020, Antelope was interviewed while in custody. Antelope denied having any knowledge of the firearms in the vehicle, nor the methamphetamine that was recovered from the vehicle.   However, Antelope advised she did have a small amount of methamphetamine in her handbag that Thin Elk was unaware of.   Thin Elk refused to be interviewed that day.

8.     On February 14, 2020, Thin Elk re-initiated contact with the FBI and agreed to be interviewed.   Thin Elk advised that all the "dope" in the vehicle belonged to him.   Thin Elk speculated that he had approximately three (3) ounces of methamphetamine on him that night.   Additionally, Thin Elk denied the firearms were his, and added that it was a mistake that they were in the vehicle.   However, Thin Elk admitted his fingerprints would probably be on the .357 Magnum revolver.

9.     Also, during the interview, Thin Elk advised he was a felon and requested to be indicted sooner than later to get along with the process.   A query of Thin Elk's criminal history showed the following felony convictions: (1) Third Degree Burglary, Minnehaha County, South Dakota, on July 16, 1996; (2) Escape from Custody, Yankton County, South Dakota, on January 4, 1999; (3)

Assault Resulting in Serious Bodily Injury, District of South Dakota, on May 18, 2009.

10.    During the investigation, some of the evidence collected was submitted to various laboratories for forensic analysis.   The three firearms were submitted to the State of South Dakota Forensic Laboratory (SDFL) in Pierre, South Dakota.   On August 17, 2020, I received a report from the SDFL stating a DNA profile was obtained from the grip of the revolver that is consistent with being a mixture of DNA from three (3) individuals.   The major contributor profile was able to be distinguished as that originating from a male.   However, the SDFL requested a known sample from John Thin Elk be submitted for further comparison.

11.    Based on my training and experience, I am aware that DNA evidence is contained in the hair, skin, blood, and saliva in human bodies.   These substances can be tested for DNA.   For the laboratory to conduct a more thorough examination, a known sample of DNA is required from Thin Elk.   A buccal swab is an expedient, prudent, and non-intrusive manner to obtain the DNA evidence.

12.    Based on the foregoing, I believe there is probable cause to believe that the saliva, cheek skin samples, and DNA of John Thin Elk will contain the necessary DNA specimens which can then be compared to DNA evidence collected from the revolver.   The items sought to be collected from the body of John Thin Elk will be considered items of evidence of the crime of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922.

[4]

13.   I, therefore, respectfully request a search warrant be issued to search the person or body of John Thin Elk, and the seizure and search of the items to include saliva, cheek skin samples, and DNA.

_____
Robert L. Mertz, Special Agent
Federal Bureau of Investigation

Sworn to telephonically on the 25th day of September, 2020.

_____
VERONICA L. DUFFY
United States Magistrate Judge

[5]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

In the Matter of the Search Regarding   No. 4:20-mj-75

20-095-04                               **APPLICATION FOR SEARCH AND
                                        SEIZURE WARRANT "REDACTED"**

---

I, Robert L. Mertz, being duly sworn depose and say:

I am a Special Agent with the Federal Bureau of Investigation (FBI), and have reason to believe that on the persons or bodies of John Thin Elk, currently located in the District of South Dakota, there is now concealed certain property, namely: head hair, skin, saliva, cheek skin samples, and DNA, which I believe is property constituting evidence of the commission of a criminal offense, contraband, the fruits of crime, or things otherwise criminally possessed, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, concerning a violation of 18 U.S.C. § 922.

The facts to support a finding of Probable Cause are contained in my Affidavit filed herewith, and attached hereto and incorporated by this reference.

Dated this 25ᵗʰ day of September, 2020.

Robert L. Mertz, Special Agent
Federal Bureau of Investigation

Sworn to telephonically on the 25ᵗʰ day of September, 2020.

VERONICA L. DUFFY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

_____

In the Matter of the Search Regarding   No. ___4:20-mj-75_____

20-095-04                                **SEARCH AND SEIZURE WARRANT**
                                         **"REDACTED"**

_____

TO:   ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement officer or an attorney for the government requests the search of the following property more fully described in the Affidavit, attached hereto and incorporated herein by reference:   head hair, skin, saliva, cheek skin samples, and DNA.

I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the property described above, and that such search will reveal evidence of violations of 18 U.S.C. § 922, which is more fully described in the Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before
*10-9-2020* _____ (not to exceed 14 days)
☒ in the daytime – 6:00 a.m. to 10:00 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the undersigned Judge.

☐   Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized,
☐ for _____ days *(not to exceed 30)*.
☐   until, the facts justifying, the later specific date of _____.

9-25-2020 at 9:10 am CDT _____ at Sioux Falls, South Dakota
Date and Time Issued

VERONICA L. DUFFY
United States Magistrate Judge

[2]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search Regarding          No. _____4:20-mj-75_____

20-095-04                                      **RETURN "REDACTED"**

Date and time warrant executed: _____

Copy of warrant and inventory left with: _____

Inventory made in the presence of: _____

Inventory of the property taken and name of any person(s) seized (attach additional sheets, if necessary):

| CERTIFICATION |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>_____<br>Robert L. Mertz, Special Agent<br>Federal Bureau of Investigation |